UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL C. SHEALY,

Plaintiff,

-vs-

NIAGARA FRONTIER TRANSPORTATION AUTHORITY, NIAGARA FRONTIER TRANSIT METRO SYSTEM, INC.

Defendants.

24-CV-1172 (MAV)

DECISION & ORDER

Plaintiff Michael Shealy initiated this case by filing a *pro se* complaint alleging workplace harassment, discrimination, and retaliation. ECF No. 1. He filed a motion to appoint counsel, ECF No. 2, which the Court denied without prejudice as premature. ECF No. 4. Defendants filed a partial motion to dismiss the complaint, ECF No. 7, and Plaintiff filed a renewed motion to appoint counsel. ECF No. 9. Plaintiff then filed an opposition to the motion to dismiss. ECF No. 10. Defendants filed an opposition to the motion to appoint counsel, ECF No. 12, and Plaintiff filed a reply in further support of the motion to appoint counsel. ECF No. 14. The motion to appoint counsel is now before the Court.

It is well settled that there is no constitutional right to appointed counsel in civil cases. The Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e). *See, e.g., Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Such assignment of counsel is within the judge's discretion. *See In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984).

The factors to be considered in deciding whether or not to assign counsel

include the following:

> [1.] whether the indigent's position seems likely to be of substance . . .
>
> [2.] the indigent's ability to investigate the crucial facts,
>
> [3.] whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder,
>
> [4.] the indigent's ability to present the case,
>
> [5.] the complexity of the legal issues and
>
> [6.] any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1986).

The Court must consider the issue of appointment carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute. *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see Cooper*, 877 F.2d at 174. "[E]ven though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and [the plaintiff's] chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

With these considerations in mind, the Court reviewed Plaintiff's request and determined that the appointment of counsel is not warranted at this time. Plaintiff

has demonstrated his ability to advocate on his own behalf and to pursue his claims by initiating this case, filing the instant motion, and responding to the motion to dismiss.

Moreover, the Court is unable to assess the likelihood of success on the merits at this point in the case. While the Court notes Plaintiff's multiple unsuccessful attempts to hire an attorney, *see* ECF No. 9 at 2, Defendants have acknowledged in the partial motion to dismiss that some of Plaintiff's claims need to proceed to discovery for the "development of the factual record." ECF No. 7 at 17. Plaintiff is invited to renew his motion to appoint counsel during the discovery portion of the case if necessary.

Overall, the Court is not persuaded that Plaintiff requires *pro bono* counsel at this time. Plaintiff can hire an attorney or continue with this case *pro se*. *See* 28 U.S.C. § 1654.

Therefore, for the foregoing reasons, it is hereby

ORDERED, that Plaintiff's motion for the appointment of counsel, ECF No. 9, is DENIED WITHOUT PREJUDICE.

SO ORDERED.

Dated: September 30, 2026
Rochester, New York

[signature]
HON. MEREDITH A. VACCA
United States District Judge