UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL C. SHEALY,

Plaintiff,

-vs-

NIAGARA FRONIER TRANSPORTATION AUTHORITY and NIAGARA FRONTIER METRO SYSTEM INC.,

Defendants.

24-CV-1172 (MAV)

DECISION & ORDER

## INTRODUCTION

Plaintiff Michael C. Shealy initiated this case by filing a *pro se* complaint on December 2, 2024, alleging discrimination, harassment, and retaliation by his former employer, Defendants Niagara Frontier Transportation Authority and Niagara Frontier Transit Metro System, Inc., on the basis of race, color, sex, religion, and disability. ECF No. 1.

Defendants filed a partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b), seeking dismissal of Plaintiff's claims of discrimination or harassment based on "creed/religion" and disability, and Plaintiff's claim of retaliation. ECF No. 7. Plaintiff responded in opposition to the motion, ECF No. 10, and Defendants filed a reply in further support of the motion, ECF No. 11. The motion is now before the Court.

For the following reasons, Defendants' motion to dismiss (ECF No. 7) is granted in part. Plaintiff's claims relating to creed/religion and disability discrimination and harassment are dismissed without prejudice to Plaintiff

amending his complaint. Defendants' motion to dismiss Plaintiff's retaliation claim is denied, with the exception of the alleged retaliation relating to Plaintiff's Workers' Compensation claims. This Court does not have jurisdiction over Workers' Compensation claims or alleged resulting retaliation, so those claims are dismissed.

## BACKGROUND

Plaintiff is a white male who worked as a bus driver and helper for Niagara Frontier Transportation Authority in Buffalo beginning in 2013. ECF No. 1 at 2, 12. He initiated this case by filing a *pro se* complaint on December 2, 2024. ECF No. 1. He alleged that Defendants failed to provide him with reasonable accommodations, harassed him, discriminated against him, and retaliated against him due to his race, color, sex, religion, and disability. ECF No. 2 at 4–5.

Plaintiff attached a right to sue letter from the Equal Employment Opportunity Commission (EEOC) to his complaint. ECF No. 1 at 26–27. He also attached the complaint he filed with the New York State Division of Human Rights (NYSDHR). ECF No. 1 at 8–19. In that complaint, he alleged that his coworkers said that he was "going to come to work and shoot them all . . . (African Americans) with what took place recently in Buffalo @ Tops mass shooting." ECF No. 1 at 14. Plaintiff also alleged that his coworkers harassed him for wearing headphones even though everyone wore them, told him that "Black on White hate crimes is a way to pay back all you 'whites,'" and called him a "white devil," among other things. ECF No. 1 at 14–15. He further alleged that Defendants gave him written and verbal warnings for conduct that others were not disciplined for. ECF No. 1 at 16.

Plaintiff alleged that Defendants retaliated against him by suspending him without pay for 15 days after he filed a Workers' Compensation claim and an internal complaint. ECF No. 1 at 16. He was told that the suspension was for wearing headphones and smoking while driving a bus, but his coworkers were not suspended for the same conduct. ECF No. 1 at 16–17. He asked to be moved to a different job ("soap wash") so he would be away from the people who were discriminating against him and harassing him, but Defendants would not let him move and hired someone who was not qualified for the job instead. ECF No. 1 at 17. Plaintiff further described an incident during which coworkers followed him, became irate, and then "filed a false claim" that Plaintiff had been violent and they feared for their lives. ECF No. 1 at 18.

Plaintiff also attached the NYSDHR's determination after investigation, which found probable cause "to believe that the Respondents have engaged in or are engaging in the unlawful discriminatory practice complained of." ECF No. 1 at 28. Finally, Plaintiff attached the NYSDHR's investigation report and the basis for its determination. ECF No. 1 at 30–34.

Defendants filed the instant partial motion to dismiss on March 13, 2025. ECF No. 8. Defendant responded in opposition, ECF No. 10, and Defendants replied, ECF No. 11. The motion is fully briefed and ripe for this Court's decision.

## LEGAL STANDARD

A motion under Rule 12(b)(6) seeks dismissal for the "failure to state a claim upon which relief can be granted." In considering a Rule 12(b)(6) motion to dismiss,

the Court "accept[s] all 'well-pleaded factual allegations' in the complaint as true." *Lynch v. City of New York*, 952 F.3d 67, 74–75 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "This presumption of truth, however, does not extend to legal conclusions." *Khan v. New York State Dep't of Health*, No. 1:25-CV-950 (MAD/ML), 2026 WL 2150349, at *3 (N.D.N.Y. July 27, 2026).

In deciding a Rule 12(b)(6) motion to dismiss, "the court's task is to assess the legal feasibility of the complaint; it is not to assess the weight of the evidence that might be offered on either side." *Lynch*, 952 F.3d at 75.

## DISCUSSION

### I. Plaintiff's claims based on creed/religion are dismissed without prejudice to amending the complaint.

Defendants argue that Plaintiff failed to state a claim that he was harassed and discriminated against on the basis of his creed/religion. ECF No. 7-1 at 7–8. Defendants further argue that Plaintiff failed to exhaust administrative remedies because his complaint before the NYSDHR did not provide specifics regarding this claim. ECF No. 7-1 at 8–9. Plaintiff responds that he alleged creed and religious discrimination "because of the comments made to [him] that [he is] a 'white devil worshiper' and 'troubled white boy.'" ECF No. 10 at 3.

Initially, Defendants argue that Plaintiff failed to exhaust his administrative remedies because he merely checked a box on his NYSDHR complaint alleging religious discrimination, and did not provide any underlying facts. ECF No. 7-1 at 8–9 (citing *McKinney v. Eastman Kodak Co.*, 975 F. Supp. 462 (W.D.N.Y. 1997)).

"As a precondition to filing a Title VII claim in federal court, a plaintiff must

first pursue available administrative remedies and file a timely complaint with the EEOC." *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003). "[T]he failure of a Title VII plaintiff to exhaust administrative remedies raises no jurisdictional bar to the claim proceeding in federal court," however. *Fowlkes v. Ironworkers Loc. 40*, 790 F.3d 378, 385 (2d Cir. 2015).

"The purpose of this exhaustion requirement is to give the administrative agency the opportunity to investigate, mediate, and take remedial action." *Id.* at 384 (quoting *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 712 (2d Cir. 1998)). "[T]he burden of pleading and proving Title VII exhaustion lies with defendants and operates as an affirmative defense." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 491 (2d Cir. 2018).

Here, Plaintiff attached his NYSDHR complaint and determination and his EEOC right to sue letter to his complaint. *See Littlejohn v. City of New York*, 795 F.3d 297, 305 n. 3 (2d Cir. 2015) ("In reviewing a Rule 12(b)(6) motion to dismiss, it is proper for this court to consider the plaintiff[']s relevant filings with the EEOC") (internal quotations and citation omitted). In his NYSDHR complaint, Plaintiff checked the box for alleged discrimination based on creed/religion, but left the spot under it with the instruction "Please specify," blank. ECF No. 1 at 12. The NYSDHR determination noted that Plaintiff's complaint alleged discriminatory practices "because of creed," among other characteristics. ECF No. 1 at 28. Plaintiff's right to sue letter from the EEOC did not provide information about the allegations he raised before the EEOC. *See* ECF No. 1 at 26.

The Court does not have the complaint Plaintiff filed with the EEOC, and the right to sue letter does not reveal whether the EEOC was on notice of potential creed/religion claims. *See* ECF No. 1 at 26. Moreover, by checking the box alleging religious discrimination, Plaintiff put the NYSDHR on notice of such claims, allowing it to investigate. *See* ECF No. 1 at 12. The Court in *McKinney* found a failure to exhaust where the plaintiff checked the box for sex discrimination on her EEOC complaint, but "alleged no facts in that document to support such a claim." *McKinney*, 975 F. Supp. at 465–66. The Court further reasoned that "[t]he EEOC complaint [in *McKinney*] could not reasonably have alerted the EEOC to investigate disparate impact." *Id.* at 467. While the facts in *McKinney* seem analogous to Plaintiff's NYSDHR complaint, the Court does not have Plaintiff's EEOC complaint and does not know what the EEOC investigated. Thus, Defendants have not met their burden of establishing the affirmative defense. The Court declines to dismiss Plaintiff's religious discrimination and harassment claims on the basis of exhaustion at this stage in the litigation.

Turning to Defendants' argument that Plaintiff's claims should be dismissed for failure to state a claim, "[c]laims of religious discrimination under Title VII and the NYSHRL can be framed under theories of disparate treatment or the denial of a religious accommodation." *Livingston v. City of New York*, 563 F. Supp. 3d 201, 232 (S.D.N.Y. 2021). Based on Plaintiff's response to the motion, the Court infers that Plaintiff was attempting to raise a claim of religious discrimination based on disparate treatment. To establish such a prima facie case, "a plaintiff must show that:

'(1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to the inference of discrimination.'" *Hamilton v. City of New York*, 563 F. Supp. 3d 42, 55 (E.D.N.Y. 2021) (quoting *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 492 (2d Cir. 2010)).

In contrast, "to state a prima facie case of failure to accommodate a religious belief or practice under Title VII, a plaintiff must demonstrate (1) that [ ]he actually required an accommodation of h[is] religious practice, and (2) that the employer's desire to avoid the actually required prospective accommodation was a motivating factor in (3) an adverse employment decision." *Bergin v. New York State Unified Ct. Sys.*, No. 25-721, 2026 WL 2724974, at *5 (2d Cir. Sept. 15, 2026).

Regarding Plaintiff's claims of harassment, the Court interprets Plaintiff's allegations as raising a hostile work environment claim. "To establish a hostile work environment under Title VII and the NYSHRL, a plaintiff must show that 'the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Livingston*, 563 F. Supp. 3d. at 251 (quoting *Littlejohn*, 795 F.3d at 320–21).

The Court construes Plaintiff's *pro se* complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Moreover, "'the court should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication

that a valid claim might be stated.'" *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795–96 (2d Cir. 1999) (quoting *Branum v. Clark,* 927 F.2d 698, 705 (2d Cir. 1991)).

Here, even construed liberally, Plaintiff's complaint does not state a claim related to his creed and/or religion. He did not state a claim for disparate treatment discrimination because he did not plead that he is a member of a protected class, as he has not identified any creed or religion for which he claims he was discriminated. Nor has Plaintiff tied an adverse employment action to his creed and/or religion. Plaintiff did not state a claim for the failure to accommodate (assuming he intended to) because he did not state that he required an accommodation due to a religious practice. Finally, Plaintiff did not state a claim of harassment due to intimidation, ridicule, or insult because his allegations of comments made to him at work did not involve his creed and/or religion. Plaintiff states in response to the motion to dismiss that a colleague called him a "white devil worshiper." ECF No. 10 at 3. That allegation was not made in the complaint itself, however.

Because Plaintiff fails to state a claim based on creed/religion discrimination or harassment, those claims are dismissed. *See Pilchman v. Brooklyn Pub. Libr.*, No. 17-CV-126 (WFK), 2020 WL 13664690, at *5 (E.D.N.Y. Aug. 6, 2020) ("A complaint which tenders only 'naked assertions devoid of further factual enhancement' cannot survive a motion to dismiss.") (quoting *Iqbal*, 556 U.S. at 678).

The dismissal is without prejudice, however, to Plaintiff amending the complaint to attempt to state a claim. *See Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000). The Court will permit Plaintiff to amend his complaint without separately

seeking leave. *See* Fed. R. Civ. P. 15(a)(2). If Plaintiff has a basis for a claim of discrimination or harassment on the basis of his religion or creed, he should provide facts in support of that claim. If Plaintiff chooses to file an amended complaint, he shall do so by December 4, 2026. An amended complaint will supersede and replace the complaint filed on December 2, 2024. ECF No. 1; *see Pilchman*, 2020 WL 13664690, at *7.

## II. Plaintiff's claims based on disability are dismissed without prejudice to amending the complaint.

Defendants argue that Plaintiff failed to state a claim for disability discrimination because he failed to allege that he had a disability rather than a diagnosis, failed to allege that he suffered an adverse action because of his alleged disability, failed to plead that he requested a reasonable accommodation for his alleged disability, and failed to exhaust administrative remedies related to his disability claim. ECF No. 7-1 at 9–15. Plaintiff responds that his employer knew that he hurt his back at work, had a Workers' Compensation Claim, had PTSD, and had a learning disability. ECF No. 10 at 4. Plaintiff states that he could not get a different job within the same organization because he could not complete the written tests, and he was not offered accommodation for it. ECF No. 10 at 4. In reply, Defendants argue that Plaintiff had not raised the allegation about the written tests previously. ECF No. 11 at 8.

Beginning with exhaustion of administrative remedies, Defendants argue that Plaintiff did not exhaust an allegation of the failure to accommodate his disability. ECF No. 7-1 at 14–15. "Before commencing an action in federal court alleging

violations of the ADA, a plaintiff must first file a timely charge with the EEOC." *Basso v. Willow Run Foods, Inc.*, 577 F. Supp. 3d 73, 83 (N.D.N.Y. 2022). "[T]he failure to exhaust administrative remedies is normally asserted in an answer as an affirmative defense." *Id.* at 83 n. 8. "[I]t may be raised on a motion to dismiss" however, where "'the complaint itself establish[es] the circumstances required as a predicate to a finding'" that the affirmative defense applies." *Id.* (quoting *Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 594 n. 5 (E.D.N.Y. 2013)). Defendants "bear[ ] the burden of proof" regarding the affirmative defense of failure to exhaust administrative remedies. *Jordan*, 928 F. Supp. 2d at 594 n. 5.

Here, Plaintiff alleged in his NYSDHR complaint that he filed three claims related to disabilities involving his back, thumb, and carpal tunnel. ECF No. 1 at 12. He contended that Defendants had the opportunity to "help [his] disability" and remove him from his harassers, but chose not to. ECF No. 1 at 17. The NYSDHR determination specifically mentioned Plaintiff's allegation of disability discrimination, and the EEOC right to sue letter did not provide details of the specific allegations. ECF No. 1 at 26, 28.

As with Plaintiff's claim of creed/religious discrimination and harassment, the Court does not have sufficient information to rule on exhaustion regarding Plaintiff's claims of disability discrimination because it has no information about what was presented to the EEOC or investigated by it. The Court therefore declines to dismiss Plaintiff's disability claim for the failure to exhaust administrative remedies at this stage.

Regarding Defendants' argument that Plaintiff failed to state a claim for disability discrimination, "[t]o establish a prima facie case under the ADA [Americans with Disabilities Act], a plaintiff must show by a preponderance of the evidence that: (1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability." *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006) (internal quotation marks and citation omitted). "A claim of disability discrimination under the New York State Human Rights Law . . . is governed by the same legal standards as govern federal ADA claims." *Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184 n. 3 (2d Cir. 2006).

A related claim for the failure to accommodate a disability requires "showing each of the following: '(1) [P]laintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations.'" *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 97 (2d Cir. 2009) (quoting *Graves v. Finch Pruyn & Co., Inc.*, 457 F.3d 181, 184 (2d Cir. 2006)).

The ADA defines disability as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

Here, Plaintiff's complaint alleged a disability of a "work place back injury in 2016 & learning disable[d] when hired in 2013." ECF No. 1 at 5. Plaintiff stated that his employer moved him to the helper position as a result of his disability in 2017, but that in 2022, they "never provided [him] with any accommodations." ECF No. 1 at 6. Plaintiff did not identify which accommodations he allegedly needed that he did not receive, and did not tie an adverse employment action to his alleged disability. In his NYSDHR complaint, Plaintiff alleged that he requested being moved "to soap wash to stop all the employees from harassing [him] & discriminating against [him]," but not because he needed that accommodation as a result of a disability. ECF No. 1 at 17. Plaintiff has failed to state a claim for disability discrimination and for failure to accommodate. *See* Fed. R. Civ. P. 12(b)(6).

Plaintiff raised some factual allegations regarding his alleged disability in his response to Defendants' motion to dismiss, *see* ECF No. 10 at 4, but those allegations were not made in his complaint. Plaintiff is granted leave to amend his complaint to attempt to state a claim for disability discrimination and/or the failure to accommodate. The Court does not opine whether the allegations in Plaintiff's opposition papers would state a claim of disability discrimination if raised in the amended complaint.

Finally, regarding Plaintiff's allegation of retaliation for filing a Workers' Compensation claim, ECF No. 1 at 16–17, Defendants are correct that the Court lacks jurisdiction over such claims. *See* ECF No. 7-1 at 12–13. "The New York Workers' Compensation Law provides the 'exclusive remedy' for employees seeking to recover

compensation for work-related injuries caused by their employer's negligence." *De la Cruz v. City of New York*, 783 F. Supp. 2d 622, 646 (S.D.N.Y. 2011) (quoting N.Y. Workers' Comp. Law § 29(6)). "The Workers' Compensation Law likewise provides the exclusive remedy for an employee's claim that his employer discriminated or retaliated against him for filing, or attempting to file, a workers' compensation claim." *Id.* As such, this Court lacks jurisdiction over Plaintiff's allegations relating to his Workers' Compensation claims, or alleged retaliation related to his Workers' Compensation claims. Those claims are therefore dismissed without leave to reraise them in Plaintiff's amended complaint.

**III. Defendants' motion to dismiss Plaintiff's retaliation claims is denied.**

Defendants argue that Plaintiff fails to state a claim for retaliation because he failed to plead a causal connection between the protected activity (complaining about harassment) and the adverse employment action (suspension). ECF No. 7-1 at 15–16. Plaintiff responds that the suspension was retaliation because other employees "were also doing the same thing, yet [he] was the only one reprimanded." ECF No. 10 at 4.

"To sustain a prima facie case of retaliation under Title VII, a plaintiff must demonstrate '(1) [he] was engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action.'" *Mitchell v. State Univ. of New York Upstate Med. Univ.*, 723 F. App'x 62, 63 (2d Cir. 2018) (quoting *Lore v. City of Syracuse*, 670 F.3d 127, 157 (2d Cir. 2012)).

Here, Plaintiff's complaint alleges "[r]etaliation because [he] complained about discrimination or harassment directed toward [him]." ECF No. 1 at 4. He did not

provide details regarding the alleged retaliation in his complaint. In his complaint before the NYSDHR, however, Plaintiff stated that he filed a complaint "with the EEO[C] at [his] work." ECF No. 1 at 16. He further stated that he was subjected to suspension. ECF No. 1 at 16–17. Finally, he said that Defendants suspended him after he filed the complaint, and did so for conduct that other employees were not disciplined for. ECF No. 1 at 16–17.

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). Plaintiff attached his NYSDHR complaint to his complaint before this Court, and the NYSDHR complaint states a claim for retaliation. As such, Defendants' motion to dismiss Plaintiff's retaliation claim is denied. If Plaintiff chooses to file an amended complaint, he should include the facts alleged in his NYSDHR complaint to clarify which claims he intends to pursue.

Defendants argue that where adverse employment actions are "carried out by a member of the same protected category," there is a presumption against discrimination. ECF No. 7-1 at 15 (citing *Moore v. Kinsbrook Jewish Med. Ctr.*, No. 11-CV-3625 MKB, 2013 WL 3968748 (E.D.N.Y. July 30, 2013)). However, *Moore* does not state that there is a presumption against discrimination in such circumstances, and instead says that "an allegation that a decision is motivated by racial or national origin animus *is weakened* when the decisionmakers are members of the protected

class as the plaintiff." 2013 WL 3968748 at *11 (emphasis added). Here, Plaintiff claims he was suspended for filing an internal complaint, not for being a Caucasian male. ECF No. 1 at 16–17. Defendants do not argue that the person who suspended Plaintiff had also filed an internal complaint.

In any event, such arguments are questions of fact. *Moore* involved a summary judgment motion, and this case is still at the motion to dismiss stage. While Defendants are correct that Title VII claims are assessed using the burden-shifting framework established by *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973), ECF No. 7-1 at 15, "a plaintiff is not required to plead a *prima facie* case under *McDonnell Douglas* . . . to defeat a motion to dismiss." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015). "Rather, because 'a temporary 'presumption' of discriminatory motivation' is created under the first prong of the *McDonnell Douglas* analysis, a plaintiff 'need only give plausible support to a minimal inference of discriminatory motivation.'" *Id.* (quoting *Littlejohn*, 795 F.3d at 306, 311). Plaintiff has satisfied the pleading standard here.

Finally, as previously discussed, any claim of retaliation for filing Workers' Compensation claims are outside of this Court's jurisdiction and are therefore dismissed. *See De la Cruz*, 783 F. Supp. 2d at 646.

## CONCLUSION

Upon careful consideration of the motion and response thereto, the Court grants Defendants' motion to dismiss the complaint in part. Plaintiff's claims for alleged discrimination and harassment based on his creed/religion and disability are

dismissed, without prejudice to amending the complaint to attempt to state such claims. Defendants' motion to dismiss Plaintiff's retaliation claim is denied. Plaintiff's claims of alleged retaliation for filing Workers' Compensation claims are dismissed because this Court lacks jurisdiction over such claims.

Therefore, for the foregoing reasons, it is hereby

ORDERED that Defendants' partial motion to dismiss based on the failure to exhaust administrative remedies is DENIED without prejudice to renewal in later stages of litigation; and it is further

ORDERED that Defendants' motion to dismiss Plaintiff's claims alleging discrimination and harassment on the basis of creed/religion and disability for the failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) is GRANTED. Such claims are DISMISSED without prejudice. It is further

ORDERED that Plaintiff may file an amended complaint by December 4, 2026 to attempt to state a claim of discrimination and harassment on the basis of creed/religion and disability. An amended complaint will supersede and replace Plaintiff's first complaint, ECF No. 1.

If Plaintiff does not file an amended complaint by that date, then his claims of creed/religion and disability discrimination and harassment will remain dismissed, and the case will proceed on the remaining claims. Defendants shall file an answer or other response to the operative complaint (either the current complaint, or, if Plaintiff chooses to amend, the amended complaint) on or before January 8, 2027.

It is further ORDERED that Defendants' motion to dismiss Plaintiff's

retaliation claims is DENIED, with the exception of Plaintiff's claims alleging retaliation for filing Workers' Compensation claims. This Court lacks jurisdiction over Workers' Compensation claims (and related allegations of retaliation). As such, Plaintiff's Workers' Compensation retaliation claims are dismissed.

SO ORDERED.

Dated: October 22, 2026
Rochester, New York

HON. MEREDITH A. VACCA
United States District Judge